```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


GARY HARKINS                      :     CIVIL ACTION
                                  :
     v.                           :
                                  :
USX CORPORATION and UNITED        :
STEELWORKERS OF AMERICA           :
LOCAL 4889                        :     NO. 07-cv-05206-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                September 17, 2008

      Plaintiff, Gary Harkins, is suing his employer, USX Corporation, and his union, United Steelworkers of America Local 4889, under § 301 of the Labor-Management Relations Act, 29 U.S.C. §§ 185, 1331, because another applicant was awarded a promotion which plaintiff had sought.  Plaintiff claims that the defendant-employer violated the terms of the applicable collective bargaining agreement, and that the defendant Union breached its duty of fair representation in the processing of the ensuing grievance.  Both defendants have filed motions for summary judgment.

      In order to recover in this action, plaintiff must establish that both defendants are liable as charged.  Del Costello v. Teamsters, 462 U.S. 151, 165 (1983).

      The collective bargaining agreement provides:

> "In all cases of promotions, decreases in
> force and recalls after layoffs, the
> following factors shall be considered:

> (1)  Ability to perform the work and physical fitness; and
>
> (2)  Plant Continuous Service (Plant Service)
>
> Where factor (1) is relatively equal between employees, Plant Service shall be the determining factor."

(CBA ¶ 72).

The vacancy which plaintiff sought to fill is described as that of a "maintenance technician." The bid sheet stated that a successful bidder "must have electrical/electronic experience." Plaintiff was the most senior of the four persons who bid for the job, and he had a great deal of "electrical" experience. But the job was awarded to an applicant who, according to the defendants, had "electronic" experience, which plaintiff lacked; indeed, the successful applicant had worked in the same department and under the supervision of the person whose retirement had created the vacancy.

The parties have supplied the Court with a remarkably thorough and voluminous summary judgment record. That record establishes, without dispute, that the successful applicant had significantly greater "electronic" qualifications than the plaintiff. Indeed, at one point, plaintiff refused to take a qualifying examination which the successful applicant had earlier passed. On this record, I do not believe a reasonable fact-finder could conclude that the defendant-employer violated the collective bargaining agreement by not awarding plaintiff the

2

promotion he sought.  The motion for summary judgment of the employer-defendant will therefore be granted.

In view of this conclusion, it is unnecessary to decide whether the defendant Union processed plaintiff's grievance properly.  Plaintiff validly complains that he was not kept informed of the process of his grievance, and that at least one of the Union officials involved in handling the grievance exhibited animosity toward plaintiff.  Arguably, however, the most that can be said is that the Union had concluded, at the outset, that the grievance was unlikely to succeed.  I am inclined to the view that the summary judgment record does not suffice to establish that the Union's conduct was "arbitrary, discriminatory, or in bad faith."  See Bygott v. Leaseway Transp. Corp., 1987 WL 54392 (3d Cir. June 25, 1987)(non-precedential), but I need not express a firm view on that subject, inasmuch as a violation of the collective bargaining agreement has not been shown.

An Order follows.

```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA


GARY HARKINS                         :    CIVIL ACTION
                                     :
     v.                              :
                                     :
USX CORPORATION and UNITED           :
STEELWORKERS OF AMERICA              :
LOCAL 4889                           :    NO. 07-cv-05206-JF
```

ORDER

AND NOW, this 17th day of September 2008, upon consideration of the defendants' respective motions for summary judgment, and plaintiff's responses, IT IS ORDERED:

1. The defendants' motions for summary judgment are GRANTED.

2. JUDGMENT is entered in favor of the defendants and against the plaintiff.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam,  Sr. J.